UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEVOLO GAS & ELECTRIC LIGHTS, INC.　　§
　　　　　　　　　　　　　　　　　　　§
　　　Plaintiff　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　　§
　　　v.　　　　　　　　　　　　　　　§　　　CIVIL ACTION NO. _____
　　　　　　　　　　　　　　　　　　　§
OLD WORLD LANTERNS BY BENOIT　　　§
　　　　　　　　　　　　　　　　　　　§
　　　Defendant　　　　　　　　　　　　§

## COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES

Plaintiff, Bevolo Gas & Electric Lights, Inc. ("Bevolo"), through undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

**1.**

This is a civil action for trademark infringement, trademark dilution, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1501, *et seq*., as amended (the Lanham Act"), and for trademark infringement, unfair competition, and trademark dilution under the laws of the State of Louisiana and common law.

### THE PARTIES

**2.**

Plaintiff, Bevolo, is a corporation organized and existing under the laws of Louisiana and having a principal place of business at 521 Conti Street, New Orleans, Louisiana 70130.

**3.**

Defendant, Old World Lanterns By Benoit LLC ("Benoit"), is a limited liability company organized under the laws of Arkansas and having a principal place of business at 325 East Main St., Batesville, Arkansas 72501.  Of note, as of the filing date of this Complaint, Benoit is listed by the Arkansas Secretary of State as having its business license revoked.

## JURISDICTION AND VENUE

**4.**

This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

**5.**

This Court has personal jurisdiction over Defendant and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Bevolo is being harmed in this judicial district and because Defendant has used the infringing mark online, viewable within this judicial district.  Defendant also conducts business in the State of Louisiana and has conducted business and/or has contacts with this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## BACKGROUND

**6.**

In the early 1940's Andrew Bevolo, Sr. arrived in New Orleans and found work building Higgins Boats which were used during World War II.  Following the war, Andrew Bevolo, Sr. opened a commercial business to perform a wide range of metal work including

plating, polishing, and re-wiring of chandeliers, as well as the repair of street lights for the City of New Orleans.

**7.**

Although most street lights at that time were soldered, Mr. Bevolo began using riveting to hold such lights together, an innovation that proved to be a major break-through in the gas lighting industry.

**8.**

After Andrew Bevolo, Sr. had established his business, renowned architect A. Hays Town was walking through the French Quarter taking note of the beautiful architecture when he heard the tapping of hammers coming out of Mr. Bevolo's metal shop.  Mr. Town stuck his head in Mr. Bevolo's shop and asked Andrew Bevolo, Sr. if he could make a light fixture. Mr. Bevolo replied "if you can draw it, I can build it."  An instant friendship was formed, and the original French Quarter® lantern was born.

**9.**

From these beginnings, Bevolo has expanded its line of distinctive lamps, lanterns, and related goods well beyond its iconic French Quarter® lantern.

**10.**

Bevolo has, itself and through authorized distributors, sold high quality lamps, lanterns, and related goods ("Bevolo Products") using certain trademarks for more than seventy (70) years.  Such marks have become famous trademarks uniquely associated with Bevolo and its quality goods.

**11.**

The continuous and broad use of trademarks and trade names associated with Bevolo during this time enabled Plaintiff to achieve world-wide celebrity under its marks.

**12.**

Inspired by the spirit of its founder, Bevolo uses various trademarks on its lamps, lanterns, and related goods, as well as throughout its website at www.bevolo.com, in catalogues, and in Bevolo retail stores.

**13.**

Bevolo's trademarks, described more fully below, bring to consumers' minds Bevolo Products and Plaintiff's commitment to quality and design.

**14.**

Bevolo is the owner of the entire right, title, and interest in and to, *inter alia*, the following federally registered trademarks and/or service marks:

    (a)    Mark:  "French Quarter"
               Registration No. 3,650,187
               Registration Date:  July 7, 2009

    (b)    Mark:  "Six-Sided French Quarter"
               Registration No. 4,001,003
               Registration Date:  July 26, 2011

**15.**

Attached to this Complaint as Exhibit A are true copies of printouts from the United States Patent and Trademark Office ("USPTO") website evidencing Plaintiff's ownership of these trademarks.  All of the registrations set forth in Exhibit A are valid, subsisting, unrevoked, and uncancelled.

**16.**

Additionally, Bevolo is the owner of the entire right, title, and interest in and to, *inter alia*, the following trademarks and/or service marks duly registered with the Louisiana Secretary of State:

(a)   Mark:  "London Street"
Louisiana Secretary of State Certificate ID No. 10071433#M7D52
La. Registration Date:  May 25, 2010

(b)   Mark:  "Six-Sided French Quarter"
Louisiana Secretary of State Certificate ID No. 10071447#UJ62
La. Registration Date:  May 25, 2010

(c)   Mark:  "Williamsburg"
Louisiana Secretary of State Certificate ID No. 1007141#F5D52
La. Registration Date:  May 25, 2010

**17.**

Attached to this Complaint as Exhibit B are true copies of printouts from the Louisiana Secretary of State's website evidencing Plaintiff's ownership of these trademarks. All of the registrations in Exhibit B are valid, subsisting, unrevoked, and uncancelled.

**18.**

Bevolo also owns common law rights in these and other marks for use in connection with lamps, lanterns, and other related goods.  All of the aforementioned registered and common law trademarks are collectively referred to as the "Bevolo Trademarks".

**19.**

Bevolo Products, which feature the Bevolo Trademarks, include a wide variety of lamps, lanterns, and related products.

**20.**

Bevolo conducts business throughout the United States and markets its products in numerous foreign countries.

**21.**

The Bevolo Trademarks have been widely promoted, both in the United States and throughout the world, and are famous and widely recognized. Consumers, potential customers, and other members of the public and the lighting industry not only associate the Bevolo Products with exceptional materials, style, and workmanship, but also recognize that the Bevolo Products originate exclusively with Bevolo.

**22.**

Bevolo maintains quality control standards for all of the Bevolo Products. All genuine Bevolo Products are distributed through a network of authorized distributors and retailers.

**23.**

The Bevolo Trademarks are featured prominently in the advertising and promotion of Bevolo Products. In the last several years, Bevolo has spent over a million dollars in advertising and promoting Bevolo Products, which prominently bear the Bevolo Trademarks. During that period, Bevolo Products bearing the Bevolo Trademarks have generated tens of millions of dollars in sales. The Bevolo Trademarks are highly visible and distinctive worldwide symbols of excellence in quality and uniquely associated with Plaintiff.

**24.**

Unfortunately, and inevitably, Bevolo's success attracts opportunists seeking to pirate Bevolo's famous trademarks for their inferior knockoffs. Defendant is merely the latest in

a long line of such opportunists marketing lighting products that directly and unabashedly infringe upon and dilute Bevolo's famous trademarks.

**25.**

In this instance, the pirating and trading on Bevolo's goodwill is even worse, as the principals and/or employees of Defendant, Nancy and Brandon Benoit, both worked for Bevolo.  In fact, Defendant even advertises their prior employment by Bevolo on their website which is attached as Exhibit C.

**26.**

In view of the above, Bevolo has no choice but to commence this action to protect its valuable and famous Bevolo brand and trademarks.

## INJURY TO BEVOLO AND THE PUBLIC

**27.**

Defendant's unauthorized use of the Bevolo Trademarks is likely to cause confusion, mistake, and deception as to the source or origin of the products advertised/offered under those marks, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Bevolo.

**28.**

Defendant's unauthorized use of the Bevolo Trademarks has damaged and irreparably injured, and, if permitted to continue, will further damage and irreparably injure Bevolo, the Bevolo Trademarks, Bevolo's reputation and goodwill associated with its marks, and the public's interest in being free from confusion.

**29.**

Defendant has known of Bevolo's longstanding use of, and rights in, the Bevolo Trademarks.  As such, Bevolo has acted knowingly, willfully, in reckless disregard of Bevolo's rights, and in bad faith.

## DEFENDANTS' ACTS

**30.**

Upon information and belief, Defendants manufacture, advertise, distribute, offer for sale, and/or sell directly competing lines of lamps, lanterns, and other related goods under trademarks that are the same or substantially similar to Bevolo's trademarks (the "Infringing Trademarks") including, without limitation, one or more of the following:

FRENCH QUARTER

SIX-SIDED FRENCH QUARTER

LONDON STREET

WILLIAMSBURG

**31.**

Among other directly competing products, Defendants manufacture, distribute, advertise, offer for sale, and sell directly competing lamps, lanterns, and other related items that intentionally and directly copy Bevolo's valuable marks in their products including, without limitation, Bevolo's iconic French Quarter® lantern.  Some, but not all, of the infringing activities are illustrated in the following photographs:

| BEVOLO FRENCH QUARTER | BENOIT FRENCH QUARTER |
|---|---|



| BEVOLO SIX-SIDED FRENCH QUARTER | BENOIT SIX-SIDED FRENCH QUARTER |
|---|---|





| BEVOLO LONDON STREET | BENOIT LONDON STREET |



| BEVOLO WILLIAMSBURG | BENOIT WILLIAMSBURG |

**32.**

        In  many  instances,  Defendants  use  the  Infringing  Trademarks  prominently  on

their website.   Further, Defendants infringing products are  available  for  sale  on  Defendant's

website.

10

**33.**

On information and belief, Defendants are using some or all of the Bevolo Trademarks as meta-tags, key words, and/or in connection with pay-per-click web search campaigns, in order to drive consumers to their website where such Infringing Trademarks are displayed and Defendants' infringing products are offered for sale.

**34.**

Nancy Benoit is a former employee of Bevolo.  Nancy Benoit was employed by Bevolo from March 25, 2003, to April 29, 2004.  In this capacity, Nancy Benoit had access to confidential company information including, among other things, sales information, pricing information, and client names.

**35.**

Brandon Benoit is a former employee of Bevolo.  Brandon Benoit was employed by Bevolo from January 10, 2003, to April 2004.  In this capacity, Brandon Benoit had access to confidential company information, including product specifications, and was involved in the manufacture of Bevolo products, including lighting fixtures.  In fact, Mr. Benoit was taught the art of hand crafting lighting products while at employed by Bevolo.

**36.**

On or about October 19, 2010, counsel for Bevolo contacted Defendant to request it stop manufacturing, distributing, sell, and/or offering the infringing products.

**37.**

On or about November 7, 2010, counsel for Benoit responded to Bevolo.

**38.**

On or about June 29, 2011, counsel for Bevolo contacted Defendant's counsel, traversing certain assertions set forth in Defendant's November 7, 2010 letter.  Bevolo also indicated that it was their understanding, from statements by Mr. Benoit that Defendant was no longer marketing its goods via the Internet and was no longer in operation.  Bevolo indicated that, since Benoit was no longer in operation, the issue was resolved.

**39.**

In 2015, Bevolo became aware that Benoit had resumed operations and was once again manufacturing and marketing products under the Bevolo Trademarks.

**40.**

On or about August 10, 2015, counsel for Bevolo contacted Defendant to once again request that it stop manufacturing, distributing, sell, and/or offering the infringing products.

**41.**

On or about August 17, 2015, Defendant responded to Bevolo, indicating that it was "considering dropping the four lantern names" mentioned in the Cease and Desist Letter.

**42.**

On or about August 21, 2015, counsel for Bevolo responded to Defendant asking, among other things, Defendant to confirm in writing that it had stopped using all Bevolo Trademarks.

**43.**

On or about September 10, 2015, counsel for Benoit responded to Bevolo, indicating that Benoit would not stop using the infringing trademarks.

**44.**

On or about November 2, 2015, counsel for Bevolo responded to Benoit, once again requesting that Benoit stop their infringing activities and cease and desist using the Bevolo Trademarks.

**45.**

On or about December 8, 2015, counsel for Benoit responded to Bevolo, indicating that Benoit would not stop using the infringing trademarks.

**46.**

Defendants have knowingly manufactured, advertised, offered for sale, sold, and/or distributed infringing products bearing one or more of the Infringing Trademarks in interstate commerce and/or foreign commerce, including commerce in the State of Louisiana. Defendants have also knowingly advertised and promoted the infringing products using the Infringing Trademarks on the Defendant's website.

**47.**

The use by Defendant of the Infringing Trademarks on or in connection with the manufacturing, advertising, offering for sale, sale, and/or distribution of infringing products is likely to cause confusion, to cause mistake, or to deceive.

**48.**

Defendants are not authorized by Bevolo to manufacture, advertise, distribute, sell, or offer to sell products bearing the Bevolo Trademarks.

**49.**

The Infringing Trademarks are being used by Defendants to mislead, deceive, and draw customers to infringing products and away from Bevolo's authentic products.

**COUNT I**
**Trademark Infringement**
**Section 32(1) of the Lanham Act, 15, U.S.C. §1114(1)**

**50.**

Bevolo repeats. realleges, and incorporates each and every allegation set for in paragraphs 1 through 49 of this Complaint as if copied herein *in extenso*.

**51.**

Without Bevolo's consent, Benoit used and continues to use in commerce reproductions, copies, and colorable imitations of Bevolo's registered FRENCH QUARTER and SIX-SIDED FRENCH QUARTER marks in connection with the offering, distribution, and advertising of lighting fixtures, which is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

**52.**

Without Bevolo's authorization or consent, and having knowledge of Bevolo's well-known, famous, and prior rights in the Bevolo Trademarks, Benoit has intentionally and knowingly advertised, manufactured, distributed, offered for sale and sold the infringing products to the public in direct competition with Bevolo's sale of genuine products, in interstate commerce.

**53.**

Benoit's use of the Infringing Trademarks is likely to cause and is causing confusion, mistake, and deception amount the general purchasing public as to the origin of

Benoit's infringing products, and is likely to deceive the public into believing the infringing products sold by Benoit originate from, are associated with, or are otherwise authorized by Bevolo, thereby damaging Bevolo's reputation, goodwill, and sales.

**54.**

Benoit's use of the Infringing Trademarks to advertise, distribute, offer for sale and/or sell infringing products to the consuming public was done with the willful intent to trade on Bevolo's reputation and/or to infringe the Bevolo Trademarks.

**COUNT II**
**Trademark Infringement, False Designation of Origin,**
**Passing Off, and Unfair Competition**
**Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A)**

**55.**

Bevolo repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 54 of this Complaint as if copied herein *in extenso*.

**56.**

Benoit's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Benoit, its products, and/or its commercial activities by or with Bevolo and/or its FRENCH QUARTER and SIX-SIDED FRENCH QUARTER marks and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**COUNT III**
**Trademark Dilution**
**Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

**57.**

Bevolo repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 56 of this Complaint as if copied herein *in extenso*.

**58.**

Bevolo's FRENCH QUARTER and SIX-SIDED FRENCH QUARTER marks are famous, as that term is used in 15 U.S.C. §1125(c), and were famous prior to Benoit's first use of FRENCH QUARTER and SIX-SIDED FRENCH QUARTER, based on, among other things, the federal registration of FRENCH QUARTER and SIX-SIDED FRENCH QUARTER and the extensive nationwide use, advertising, promotion, and recognition of Bevolo's marks. Benoit's actions, as described above, are likely to dilute the distinctive quality of Bevolo's famous FRENCH QUARTER and SIX-SIDED FRENCH QUARTER marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**COUNT IV**
**Trademark Infringement and Unfair Competition**
**Louisiana Law**

**59.**

Bevolo repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 58 of this Complaint as if copied herein *in extenso*.

**60.**

The FRENCH QUARTER, SIX-SIDED FRENCH QUARTER, LONDON STREET, and WILLIAMSBURG marks are distinctive.

16

**61.**

Benoit's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association, of Benoit with Bevolo, or as to the origin, sponsorship, or approval of Benoit, its goods, and its commercial activities by or with Bevolo such that Benoit's act constitute infringement of Bevolo's protectable rights in its marks, misappropriation of Bevolo's goodwill, and unfair competition under Louisiana Law.

**COUNT V**
**Violation of Louisiana Anti-Dilution Statute**
**Louisiana Law**

**62.**

Bevolo repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 61 of this Complaint as if copied herein *in extenso*.

**63.**

Bevolo's Trademarks are distinctive marks within the meaning of applicable Louisiana law and have been distinctive and famous marks since prior to Benoits' conduct as alleged herein.

**64.**

Benoits' advertisement, manufacture, distribution, sale, and/or offer for sale in commerce of products bearing the Infringing Trademarks dilutes the distinctive quality of the Bevolo Trademarks, and was and is being done with the willful intent to trade on Bevolo's reputation and/or to cause dilution of the Bevolo Trademarks.

**65.**

Bevolo's unauthorized use of the Bevolo Trademarks was and is being done with notice and full knowledge that such manufacture, distribution, sale, and/or offer for sale was not authorized or licensed by Bevolo.

**66.**

Benoits' acts are knowing and willful violations of Bevolo's rights under Louisiana Revised Statute § 51:223.1.

**COUNT VI**
**Unfair and Deceptive Trade Practices**
**Louisiana Unfair Trade Practices and Consumer Protection Law**
**La. Rev. Stat. 51:1405 *et seq*.**

**67.**

Bevolo repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 66 of this Complaint as copied herein *in extenso*.

**68.**

Bevolo and Benoit are direct competitors.

**69.**

Benoits' acts have been intentional and willful.

**70.**

Benoits' acts offend established public policy and are unethical, oppressive, unscrupulous, or substantially injurious to consumers, including business competitors such as Bevolo.

**71.**

Benoits' acts constitute unfair and deceptive practices in the conduct of trade or commerce under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1405 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Bevolo requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to the following:

A. A Judgment that Benoit's use of FRENCH QUARTER, SIX-SIDED FRENCH QUARTER, LONDON STREET, and WILLIAMSBURG marks violate Bevolo's rights in the marks and constitutes infringement, dilution, and/or unfair competition under federal and/or state law, as detailed above.

B. A permanent injunction enjoining Benoit and its employees, agents, partners, officers, directions, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them from:

   1. Using or registering the Bevolo Trademarks and any other marks or names that are likely to be confused with the Bevolo Trademarks, or to dilute the Bevolo Trademarks, including as or as a part of a product name, logo, company name, trademark, service mark, trade name, business name, slogan, tagline, domain name, e-mail address, URL, social media name, screen name, keyword, metatag, or other name or identifier; and

   2. From representing by any means, directly or indirectly, that Benoit or any products or services offered by Benoit, or any activities undertaken by Benoit, are associated or

connected in any way with Bevolo, sponsored or authorized by Bevolo, or otherwise affiliated with Bevolo.

C.  A Judgment directing Benoit to immediately send to Bevolo all products, signage, advertisements, promotional materials, and/or any other materials and contain or bear the Bevolo Trademarks, or any other marks or names that are likely to be confused with the Bevolo Trademarks or to dilute the Bevolo Trademarks.

D.  A Judgment finding that Benoit has infringed, and willfully infringed, the Bevolo Trademarks.

E.  A Judgment finding that Benoit has diluted, and willfully diluted, the Bevolo Trademarks.

F.  A Judgment finding that Benoit's use of the Infringing Trademarks has caused and/or is likely to cause confusion among the general public as to the source of origin of Benoit's products.

G.  A Judgment finding that Benoit's use of the Infringing Trademarks has caused and/or is likely to cause initial and post-sale confusion among the purchasing public as to the source of origin of Benoit's products.

H.  A Judgment requiring Benoit to account for and pay to Bevolo any and all profits arising from the foregoing acts, and increasing such profits, including trebling them, in accordance with 15 U.S.C. § 1117 and other applicable laws.

I.  A Judgment requiring Benoit to pay Bevolo damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

J.  A Judgment requiring Benoit to pay Bevolo its costs and attorneys' fees in this action

    pursuant to 15 U.S.C. § 1117 and other applicable laws.

K.  Any and all other such relief that this Court deems just and reasonable.


           Respectfully submitted,

           */s/Joelle F. Evans*
           Joelle F. Evans, 23730
           Thomas M. McEachin, 26412
           SCHONEKAS, EVANS, McGOEY &
            McEACHIN, L.L.C.
           909 Poydras Street, Ste. 1600
           New Orleans, Louisiana  70112
           Telephone:  (504) 680-6050
           Facsimile:  (504) 680-6051
           joelle@semmlaw.com
           thomas@semmlaw.com

           *Attorneys for Plaintiff,*
           *Bevolo Gas & Electric Lights, Inc.*